UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA J. KOURY,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:20-cv-01417-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 26) |

On December 1, 2023, Attorney Shellie Lott, counsel for Plaintiff Anita J. Koury, filed a motion for an award of $5,950 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 26). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 26-6, pp. 1-2). Plaintiff has not filed any response to the motion. On December 26, 2023, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 28).

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $5,950, with counsel reimbursing Plaintiff for $2,216.26 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (*See* ECF No. 30).

**I. BACKGROUND**

Plaintiff filed the complaint in this case on October 5, 2020. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 9). After Plaintiff filed a brief, the parties filed a stipulation for voluntary remand for further proceedings. (ECF Nos. 18,

1

22). And on March 7, 2022, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $2,216.26 in EAJA fees. (ECF No. 25).

On remand, the Commissioner calculated Plaintiff's past-due benefits at $61,395.90 and 25%, *i.e.*, $15,348.98, was withheld to pay Plaintiff's representative. (ECF No. 26, p. 1; *see* ECF No. 26-2, p. 3). This matter is now before the Court on counsel's motion, seeking an award of $5,950. (ECF No. 26).

## II. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the

services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides as follows:

> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.

(ECF No. 26-3, p. 2).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included a voluntary remand for further proceedings and an eventual award of benefits. Counsel represents that 9.1 hours were expended in this matter. (ECF No. 26, p. 2). There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel seeks an award of $5,950, which results in an approximate hourly rate of $654. The Ninth Circuit has found similar and higher effective hourly rates reasonable. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Tamayo v. Kijakazi*, No. 1:19-CV-00317-GSA, 2022 WL 16810622, at *2 (E.D. Cal.

Nov. 8, 2022) ("Moreover, the $710 effective hourly rate sought here is lower than the rates approved by other courts under section 406(b)."); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, the requested attorney fees award of $5,950 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954-SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57).

In making this determination, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingency fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the fee, and counsel secured a remand leading to an award of substantial benefits.

An award of attorney fees pursuant to § 406(b) in the amount of $5,950 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $2,216.26 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 26, p. 3).

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. The motion for attorney fees (ECF No. 26) under 42 U.S.C. § 406(b) in the amount of

$5,950 is granted.

    2.  Plaintiff's counsel shall refund Plaintiff $2,216.26 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

    3.  The Clerk of the Court is respectfully directed to serve a copy of this order on Plaintiff Anita J. Koury, 2901 Kingman Court, Modesto, CA 95355. (ECF No. 26-6, p. 2).

IT IS SO ORDERED.

Dated:  **January 26, 2024**      /s/ *Erica P. Grosjean*
                                                  UNITED STATES MAGISTRATE JUDGE